[Commonwealth of Mass.]

v.

MICHAEL BRINKLEY

05-11529-NG

Referred to MJ Leo T Sorok[in]

TO DENY THE RIGHT TO FILE A PETITION FOR A WRIT OF HABEAS CORPUS IS AN EXERCISE OF POWER SO GREAT IN ITS IMPACT ON A PETITIONER THAT AN APPELLATE COURT MUST BE ABLE TO ASCERTAIN THE GROUNDS FOR DENIAL IN ORDER TO FULFILL ITS RESPONSIBILITY OF REVIEW. IT IS THEREFORE IMPERATIVE THAT DENIAL EITHER OF LEAVE TO FILE THE PETITION OR DENIAL OF THE WRIT ITSELF BE ACCOMPANIED BY AN EXPRESSION OF THE REASONS FOR THE DENIAL EITHER BY INFORMAL MEMORANDUM BY RECITAL IN AN ORDER BY FINDING
TATUM v. USCA DC 1960 275 F2d 894, 107 US APP CT DC 230 HABEAS CORPUS $\longleftarrow$ 799

HABEAS CORPUS 667 197K667 FORMERLY 197K59

RELEVANT FACTS ADMITTED BY BOTH PARTIES TO HABEAS CORPUS PROCEEDING CONSTRUED LIBERALLY IN FAVOR OF PETITIONER IN VIEW OF BROAD REMEDIAL NATURE OF THE WRIT, THE PROCEDURE TO BE FOLLOWED IN WEIGHTING THE SUFFICIENCY OF PETITION FOR HABEAS CORPUS IN THIS JURISDICTION IS SET FORTH IN TWO CASES DORSEY v. GILL 80 US. APP. DC 9 148 F.2d 857 AND STEWARD v. OVERHOLSER 87 US. APP. DC 402, 182 F2d 339

UNITED STATES DISTRICT COURT
COMMONWEALTH 03SUCR10321

v.

MICHAEL BRINKLEY

Where question of fact is raised by the petition, it must ordinarily be resolved by a hearing. In this proceeding, however, the relevant facts are admitted by both parties and will be construed liberally in favor of the petitioner in view of the broad remedial nature of the writ of habeas corpus.

Once petition for writ of habeas corpus is filed, unless court is of the opinion that petitioner is not entitled to an order to show cause, writ must be awarded forthwith, or order to show cause must be issued and thereafter, if court concludes petitioner is entitled to evidentiary hearing it must order one promptly.

HARRISON v. NELSON U.S. CAL 1969, 89 SCT 1082, 3914 US 286, 22 L.ED 2D 281 REHEARING DENIED 89 S.CT 1623, 394, 1025, 23 L.ED 2D 50