UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL GRINKLEY,
        Petitioner

v.   C.A. No. 05-11529-NG

ANDREA J. CABRAL, Sheriff,
        Respondent.

## MEMORANDUM AND ORDER

GERTNER, D.J.

    For the reasons stated below: (1) Grinkley's Motion for Leave to Proceed Without Prepayment of Fees is denied without prejudice. This action shall be dismissed unless, within forty-two (42) days of the date of this Memorandum and Order, Petitioner either pays the $5.00 filing fee, or files a completed Application to Proceed Without Prepayment of Fees, <u>accompanied by a certified copy of his prison account statement</u>; (2) The Treasurer's Office for the Suffolk County Jail shall provide Petitioner's prison account information; (3) Within forty-two (42) days of the date of this Memorandum and Order, Petitioner shall file an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, on the form to be provided by the clerk along with a copy of this Memorandum and Order; (4) The clerk shall correct the caption to reflect the proper Respondent as Sheriff Andrea J. Cabral.

## BACKGROUND

    On July 25, 2005, Petitioner Michael Grinkley, currently a prisoner at Suffolk County House of Corrections in Boston, MA, submitted his self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 and § 1651, challenging his criminal conviction.

    Accompanying the petition was a Motion to proceed *in forma pauperis* and an Affidavit of Petitioner averring that he is indigent. Petitioner failed to provide financial information

concerning any monies in his prison account, if any.

## ANALYSIS

I.  The Filing Fee

Because Grinkley is a state prisoner seeking habeas relief pursuant to 28 U.S.C. § 2254, he must either (1) pay the $5.00 filing fee for habeas corpus actions, or (2) file an Application to Proceed without prepayment of fees.  See 28 U.S.C. § 1914(a)(filing fees); § 1915(proceedings *in forma pauperis*).  An Application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the petitioner's credit at his institution of incarceration. See Rule 3(a) of the Rules Governing Section 2254 cases (if a petitioner desires to prosecute a petition *in forma pauperis*, he shall file the affidavit required by § 1915 and a certified statement of the amount of funds in prisoner's institutional account); 28 U.S.C. § 1915(a)(2).  Because Plaintiff has not submitted the filing fee or an application to waive the fee, he shall be afforded an opportunity to do so.

Accordingly, Grinkley's Motion for Leave to Proceed Without Prepayment of Fees is denied without prejudice.  It is ORDERED that Petitioner either pay the $5.00 filing fee, or file a completed Application to Proceed Without Prepayment of Fees, accompanied by a certified copy of his prison account statement, within forty-two (42) days of this Memorandum and Order, or this action shall be dismissed.  The clerk shall provide Petitioner with a blank Application form along with this Memorandum and Order.

II.  Order to Treasurer's Office at Suffolk County Jail

To the extent that the Suffolk County Sheriff and/or the Treasurer's Office at the Suffolk County Jail requires a Court Order to provide Petitioner with a certified copy of his prison

account statement, it is hereby ORDERED:

> The Treasurer's Office at Suffolk County Jail, or any other facility housing the Petitioner, shall, upon request by Petitioner, provide this Court with a certified copy of Plaintiff's prison account statement. Such statement shall include balance information for the six (6) months preceding July 25, 2005 (date petition was filed).

### III.     Petitioner Shall File an Amended Habeas Petition

Grinkley's petition consists of three handwritten pages reciting extraneous boilerplate law, but is devoid of any specific factual information, and is not entirely coherent or organized in any fashion. There is no reference to the facts and circumstances with respect to his underlying conviction, including the place and date of conviction, whether he has exhausted his state remedies, and whether he has previously filed for habeas relief.[1] In short, the petition fails to provide sufficient information to establish a cognizable claim for habeas relief.

Accordingly, it is hereby ORDERED that this action shall be dismissed within forty-two (42) days unless the Petitioner files an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The clerk shall provide the § 2254 form along with a copy of this Memorandum and Order.

### II.     The Caption Shall Be Corrected

Petitioner has named the Commonwealth of Massachusetts as the Respondent. However, a writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. Petitioner's legal custodian is the Sheriff of the Suffolk County Jail; *i.e.*, the individual having day-to-day control over the facility in which the petitioner is being detained.

---

[1] A search of this Court's docket reveals this is a first petition in this Court.

Rumsfeld v. Padilla, --U.S.--, 124 S. Ct. 2711, 2720 (2004); Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000), cert. denied, *sub nom*. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001).  Accordingly, the Clerk shall correct the case caption to reflect that the only proper Respondent to this action is Andrea J. Cabral, Sheriff of Suffolk County Jail.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Grinkley's Motion for Leave to Proceed Without Prepayment of Fees is denied without prejudice.  This action shall be dismissed unless, within forty-two (42) days of the date of this Memorandum and Order, Petitioner either pays the $5.00 filing fee, or files a completed Application to Proceed Without Prepayment of Fees, accompanied by a certified copy of his prison account statement;

2. The Treasurer's Office for the Suffolk County Jail shall provide Petitioner's prison account information;

3. Within forty-two (42) days of the date of this Memorandum and Order, Petitioner shall file an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, on the form to be provided by the clerk along with a copy of this Memorandum and Order; and

4. The clerk shall correct the caption to reflect the proper Respondent as Sheriff Andrea J. Cabral.

Dated: July 29, 2005

/s/ Nancy Gertner
NANCY GERTNER
UNITED STATES DISTRICT JUDGE