UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL GRINKLEY,
       Petitioner

v.                                                      C.A. No. 05-11529-NG

ANDREA J. CABRAL, Sheriff,
       Respondent.

## FURTHER MEMORANDUM AND ORDER

GERTNER, D.J.

On July 25, 2005, Petitioner Michael Grinkley, currently a prisoner at Suffolk County House of Corrections in Boston, MA, filed a *pro se* petition for writ of habeas corpus pursuant t 28 U.S.C. §2254 and § 1651.

On July 29, 2005, a Memorandum and Order (#5) issued directing the Petitioner to eith pay the $5.00 filing fee for habeas petitions, or file a completed Application to Proceed Withou Prepayment of Fees ("IFP application"), accompanied by a certified copy of his prison account statement. The Memorandum and Order also found the petition to be deficient, and directed the Petitioner to file an amended habeas petition pursuant to 28 U.S.C. § 2254, on the form provide by the clerk.

Subsequently, on August 12, 2005, Petitioner paid the $5.00 filing fee and also filed a prison account statement.

On September 14, 2005, Petitioner filed a completed IFP application, along with copies of motions apparently filed in the Suffolk County Superior Court criminal division. These included a Motion for Speedy Trial and a Motion to Dismiss under Rule 36 for speedy trial violations. Petitioner also submitted an Affidavit (#7) complaining of lack of access to the

(presumably) state court, since he claims his motion to dismiss for speedy trial violations was n docketed by the court, nor acted upon. He claims to have re-filed the motion. He claims that c May 5, 2005, Judge Locke took the motion under advisement without a hearing.

There is no explanation how these documents relate to any habeas claims under 28 U.S. § 2254, nor has he asserted any claims under 28 U.S.C. § 2241 (as a pretrial detainee). Simply stated, the Petitioner's submissions fail to provide this Court with sufficient information to evaluate any habeas claims he is attempting to assert. From the recent submissions, it appears that Petitioner is seeking habeas relief in connection with a <u>pending</u> criminal case, but he has nc exhausted his state remedies.[1]

In light of the above, because of the lack of information, this Court is unable to treat thes recent filings as an amended habeas petition which complies with the July 29, 2005 Memorandum and Order. This Court will, however, permit Petitioner additional time within which to submit an Amended Habeas Petition on the standard form for such petitions.

Accordingly, in light of the above, it is hereby ORDERED:

1. Petitioner's Application to Proceed Without Prepayment of Fees, filed September 14, 2005 is denied as moot in view of the prior payment of the $5.00 filing fee.[2]

---

[1] Moreover, to the extent that his recent filings constitute a request for this Court to compel Judge Locke to rule on his motions in the state criminal proceeding, such request must b denied. The federal courts have long recognized the "fundamental policy against federal interference with state criminal proceedings." <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971); <u>In re Justices of the Superior Court</u>, 218 F.3d 11, 16 (1st Cir. 2000). See also <u>Hawaii Housing Authority v. Midkiff</u>, 467 U.S. 229, 237-38 (1984) (federal court abstention from jurisdiction appropriate where "federal claims could have been or could be presented in ongoing state judicia proceedings that concern important state interests."); See generally, <u>Rio Grande Community Health v. Rullan</u>, 397 F.3d 56, 68-69 (1st Cir. Feb. 14, 2005)(discussing Abstention doctrines).

[2] To the extent the Petitioner is seeking *in forma pauperis* status for another purpose othe: than a waiver of the filing fee (such as a request for appointed counsel or for costs), the Petitione

2. Petitioner shall, <u>by no later than October 24, 2005</u>, file a completed amended petition fc writ of habeas corpus pursuant to 28 U.S.C. § 2254. The clerk shall again provide Petitioner with the appropriate petition form. In order for this Court to decipher Petitioner's habeas claims, Petitioner <u>must</u> either use the form provided by the Court, or in the alternative, he may submit his own form, provided such form provides the same information solicited in the Court's form.

3. Failure to comply with this directive may result in the dismissal of the action.

Dated: 9/27/2005

NANCY GERTNER
UNITED STATES DISTRICT JUDGE

---

must submit a separate motion for the relief sought, accompanied by a completed IFP applicatio at that time. The IFP application must be accompanied by a certified prison account statement, as previously noted in the July 29, 2005 Memorandum and Order.

3