UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL GRINKLEY,
          Petitioner

      v.                                                            C.A. No.  05-11529-NG

ANDREA J. CABRAL, Sheriff,
          Respondent.

## MEMORANDUM AND ORDER

GERTNER, D.J.

On June 5, 2006 Petitioner Grinkley filed a pleading entitled "28 USCA 2254 Motion to Indict Perjury" (#17) referencing the docket number of his closed habeas petition, C.A. 05-1529-NG.  However, the caption of the pleading is entitled <u>Michael Grinkley v. Suffolk County District Attorney's Office re: Assistant District Attorneys Leora C. Joseph, Karen E. Polley, and Charles J. Botoloni.</u>  In the pleading, Petitioner seeks relief from an "invalid and unreasonable prosecution" and alleges prosecutorial misconduct.  He asserts he has been wrongfully convicted, and alleges falsification and fabrication of material evidence by prosecutors.  He seeks indictment and trial by jury against the prosecutors.

It is unclear from the pleading whether Petitioner intended to file this action as a "Motion" in the habeas case or whether he intended to file this as a new action, naming the prosecutors as Defendants.  Additionally, Petitioner does not identify in any meaningful detail the criminal case to which he refers.  This Court dismissed Petitioner's § 2254 habeas petition on January 10, 2006, (Order for Dismissal (#14)), and denied his motion for reconsideration by electronic Order on May 12, 2006.

In light of this, to the extent Petitioner seeks to file this pleading as a "Motion to Indict Perjury" in Civil Action No. 05-11529-NG, the motion is denied.  The Court lacks jurisdiction

to grant the relief requested in the motion *(i.e.,* to indict the prosecutors).

It is well settled that federal courts do not have jurisdiction over criminal cases unless they are prosecuted by the United States Attorney. See e.g., United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]here is a long line of cases holding that federal courts have no jurisdiction over cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney."); Pugach v. Klein, 193 F. Supp. 630, 633-635 (S.D.N.Y. 1961) (power to enforce criminal law vested in executive branch by Constitution; no residual power in private citizens to enforce law when United States Attorney does not prosecute).

Section 547 of title 28 states that "[e]xcept as otherwise provided by law, each United States attorney, within his district, shall (1) prosecute all offenses against the United States." 28 U.S.C. § 547 (1) (emphasis added). Thus, Petitioner does not have standing to bring a criminal action because no statute authorizes him to do so. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (*per curiam*) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).[1] Thus, the Petitioner's motion lacks merit and is denied. See Kennan,

---

[1] Dugar v. Coughlin, 613 F. Supp. 849, 849 n.1 (S. D. N. Y. 1999) (plaintiff could not bring action under 18 U.S.C. § 2071); Milburn v. Blackfrica Promotions, Inc., 392 F. Supp. 434, 435 (S.D.N.Y. 1974) (prosecution of mail fraud and conspiracy to commit mail fraud entrusted

328 F.2d at 611; Cok, 876 F.2d at 2; Warfield, 184 F.R.D. at 555.  Moreover, the Petitioner cannot seek to re-open the issue of the lawfulness of his conviction in this closed habeas petition, by filing this type of motion.

Further, to the extent that Petitioner seeks to raise the issues of prosecutorial misconduct in a civil rights context,  Petitioner must institute a civil action by filing a "Complaint" in accordance with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.[2]  The Complaint must be accompanied by either the $350.00 filing fee for civil actions, or a completed Application to Proceed *in forma pauperis*.  See 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*).  Where the Plaintiff is a prisoner,  an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration.  28 U.S.C. § 1915(a)(2).  Unlike other civil litigants, prisoner plaintiffs are not

---

solely to the federal government); United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]he prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys."); In re Trustee in Bankruptcy, 173 B.R. 341, 342 (N.D. Ohio 1994) ("Neither a private person nor an attorney acting on behalf of a party to litigation ...has authority or responsibility for investigating and prosecuting alleged violations of federal criminal law.").

[2]Rule 8(a) of the Federal Rules of Civil Procedure governs the substance of the pleadings, and requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense," Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). By contrast, Rule 10 governs the form of pleadings.  Rule 10 provides, *inter alia*, that: "[e]very pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a)."  Fed. R. Civ. P. 10(a).  The Rule also provides that all claims and defenses be made in numbered paragraphs.  Fed. R. Civ. P. 10(b).

entitled to a complete waiver of the $350 filing fee, notwithstanding the grant of *in forma pauperis* status. Rather, prisoner plaintiffs must pay the full amount of the filing fee, although such payments may be made in installments, payable through their prison accounts in accordance with the provisions of § 1915(b).

Here, Petitioner has sought only criminal action against the prosecutors, and has not expressly sought monetary damages for alleged civil rights violations under 42 U.S.C. § 1983. Therefore, the Court will not construe Petitioner's Motion to Indict Perjury as a new civil action.[3] If the Petitioner seeks to file a civil action against the named prosecutors, he must comply with the directives set forth above. No further action shall be taken with respect to Petitioner's Motion to Indict Perjury (#17).

SO ORDERED.

Dated: June 30, 2006

/s/ Nancy Gertner
NANCY GERTNER
UNITED STATES DISTRICT JUDGE

---

[3] Because construction of this pleading as a civil action could potentially have prejudicial or adverse consequences to the Petitioner, as, for example, a "strike" under 28 U.S.C. § 1915(g), the Court will not *sua sponte* direct that his motion be opened by the Clerk's Office as a new civil action, especially because any civil action may be subject to dismissal based on absolute prosecutorial immunity, see Imbler v. Pachtman, 424 U.S. 409, 422 (1976); Reid v. State of N.H., 56 F.3d 332, 337 (1st Cir.1995) (absolute judicial immunity extends to prosecuting attorneys acting within the scope of their official duties), and/or the bar of Heck v. Humphrey, 512 U.S. 477, 486 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a cause of action under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus), and its progeny.